UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PABLOVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-617** |
| **ROOMS TO GO LOUISIANA CORP.** | **SECTION "L" (5)** |

**ORDER & REASONS**

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process Pursuant to Rule 12(b)(5), R. Doc. 13. Plaintiff opposes the motion, R. Doc. 15, and Defendant has filed a reply, R. Doc. 19. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.  **BACKGROUND**:

This case arises from the collapse of a chair and the ensuing bodily injuries sustained by its occupant, Plaintiff Blake Pablovich. Plaintiff claims that on September 13, 2019, while shopping for a dining room table and chairs in a Rooms to Go store located in Gretna, Louisiana, she sat in a Sabre Springs Espresso Side Chair that collapsed, "throwing Plaintiff backwards to the floor of the store" and causing "injuries to her left arm, left shoulder, left elbow, neck, back, and head." R. Doc. 1 ¶ 5–8.

Based on the foregoing factual allegations, Plaintiff filed suit against Defendant Rooms To Go Louisiana Corp. ("Rooms to Go"), alleging that it is liable under the Louisiana Products Liability Act ("LPLA") under theories of defective construction, defective design, and lack of

1

adequate warnings.[1] *Id.* ¶ 10-19. In addition to her LPLA claims, Plaintiff brings an additional cause of action for negligent misrepresentation with respect to the chair's fitness for its intended use and its merchantability. *Id.* ¶ 20-26. Plaintiff seeks to recover for medical expenses, physical pain and suffering, mental anguish, physical disfigurement and impairment, and loss of earnings and earnings capacity. *Id.* at 5–6.

Defendant has not yet answered the Complaint.

I.  **PENDING MOTION**

Defendant Rooms to Go has filed a motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim for negligent misrepresentation pursuant to Rule 12(b)(6). R. Doc. 13. First, Defendant contends service of process was improper because it was untimely. R. Doc. 13-1 at 2. Second, Defendant contends that although the Summons and Complaint were delivered to Rooms to Go's corporate headquarters in Seffner, Florida, by FedEx on June 29, 2020, service of process was improper because Rooms to Go is authorized to do business in Louisiana and has designated an agent for service of process in the state. *Id.* at 2. Third, Defendant alleges Plaintiff's negligent misrepresentation claim should be dismissed pursuant to Rule 12(b)(6), because the claim contravenes the LPLA's exclusive remedy provision and fails as a matter of law. *Id.* at 7.

In opposition, Plaintiff admits oversight in effecting service upon Rooms to Go but contends that the service of process issue has since been cured and is now moot. R. Doc. 15 at 1. In Plaintiff's view, the Summons and Complaint were properly served upon Defendant's

---

[1] Plaintiff originally sued Rooms to Go Louisiana Corp. and Rooms to Go, Inc. R. Doc. 1. On July 24, 2020, Plaintiff moved to voluntarily dismiss Rooms to Go, Inc., on the basis that it had been improperly named. R. Doc. 14. The motion was granted, and this Order and Reaons accordingly refers to Rooms to Go Louisiana Corp. as the only Defendant.

2

designated Louisiana service of process agent on July 22, 2020. *Id.* at 2. With respect to the negligent misrepresentation claim, Plaintiff acknowledges the exclusivity provisions of the LPLA but argues that dismissal of any non-LPLA claims is inappropriate until it is decided whether Defendant is a manufacturer under the LPLA. *Id.* at 1. To this extent, she argues the motion is premature. *Id.* at 5.

Defendant has filed a reply, arguing that dismissal is warranted because the July 22, 2020 attempt at service was also improper and because Plaintiff has offered no excuse to justify the 165-day delay. R. Doc. 19. Defendant also argues that Plaintiff failed to successful plead her LPLA and negligent misrepresentation claims in the alternative, requiring dismissal of the incompatible negligent misrepresentation claim. *Id.* at 3. To the extent that Plaintiff has attempted to plead in the alternative, Defendant requests that the Court order Plaintiff to amend her complaint with a more definite statement under Rule 12(e).

## II.     LAW & DISCUSSION

### A.  Rule 12(b)(5)

Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per

curiam)). Defendant argues service was untimely, in violation of Rule 4(m), and improper, in violation of Rule 4(h).

Federal Rule of Civil Procedure 4(m) requires the dismissal of an action against a defendant who has not been served within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause," the court must extend the time for service. *Id.* Plaintiff, as the serving party, bears the burden of proving the validity of service or good cause for failure to timely serve. *See Sys. Signs Supplies*, 903 F.2d at 1013; *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). However, "even if good cause is lacking, the court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 Fed. Appx. 146 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

The parties do not dispute that service was untimely. Indeed, the Complaint was filed on February 20, 2020, meaning that service was required by May 20, 2020 under Rule 4(m). On June 29, 2020, Plaintiff delivered a copy of the Summons and Complaint to Defendant's headquarters in Seffner, Florida, via Federal Express, in what Defendant characterizes as an improper attempt to effect service of process under Rule 4(h)(1). In her opposition, Plaintiff acknowledges that service was improper under Rule 4(h) because, as Defendant is authorized to do business in Louisiana, service must be effected upon Defendant's designated registered agent for service of process. However, Plaintiff avers she properly served Defendant through its registered agent on July 22, 2020, mooting the instant motion. R. Doc. 15 at 2.

Before considering timeliness, the Court first analyzes whether this second attempt at service was proper. Federal Rule of Civil Procedure 4(h) provides that service of a corporation in the United States can be achieved in two ways. First, a plaintiff can serve a corporation by following the law of the state in which the district court is located or service is effected. Under

4

Louisiana law, service on a corporation requires "personal service on any one of its agents for service of process." La. Code Civ. P. 1261(A). Alternatively, a plaintiff may deliver a copy of the summons to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1).

Here, Plaintiff has plainly failed to properly serve Defendant under Rule 4(h), as service of process via Federal Express does not comply with the *personal* service requirements of either Louisiana Code of Civil Procedure Article 1261(A) or Rule 4(h)(1)(B). *See Factor King, LLC v. Block Builders, LLC, et al.*, No. CV 14-00587-BAJ-RLB, 2016 WL 723016, at *2 (M.D. La. Feb. 22, 2016) ("[T]he Federal Express shipment does not comply with the personal service requirements under Louisiana law or Rule 4(h)(1), which do not permit service by mail."); *Pellerin-Mayfield v. Goodwill Indus.*, No. CIV.A. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003) ("Plaintiff's service of defendant by mailing a copy of the complaint to defendant's registered agent was ineffective because it did not comply with the personal service requirements of Louisiana law and Rule 4(h)(1)."). Accordingly, Plaintiff has not yet served Defendant in this matter and her claims are subject to dismissal under Rule 4(m).

At this juncture, the Court must consider whether good cause exists to excuse Plaintiff's procedural failure. To establish "good cause," a plaintiff must "demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller Federal

Practice and Procedure: Civil § 1165 at 622) (emphasis omitted). Plaintiff's explanation does not adequately explain why she failed to properly serve Defendant within 90 days; in fact, it does not address the delay at all. Although Plaintiff's opposition addresses her reasons for originally directing service to Rooms to Go's headquarters in Florida, rather than to the local designated agent, she provides absolutely no justification for the delay.[2]

Nevertheless, the Court "has discretion to extend the time for service of process even if the plaintiff cannot demonstrate good cause." *Lee v. OfferUp, Inc.*, No. CV 17-1609, 2018 WL 1326154, at *4 (E.D. La. Mar. 15, 2018). The Court is prepared to to exercise its discretionary power and excuse the deficiency here. Notably, Defendant was apparently on notice of the likelihood of litigation due to the receipt of a letter of representation from Plaintiffs' counsel after the incident. R. Doc. 15 at 2. Additionally, although the time for service has long passed, the Court recognizes that Plaintiff has twice attempted to serve Defendant, albeit incorrectly, and that the effects of the ongoing global pandemic of COVID-19 have significantly impacted the normal order of business. Further, the Court is hesitant to penalize Plaintiff for what surely amounts to her attorney's error. Accordingly, the Court will extend the time for service of process and require Plaintiff to properly serve Defendant within thirty days of this Order's issuance. Failure to do so will result in dismissal.

B. **Exclusivity of the LPLA**

Defendant also moves to dismiss Plaintiff's negligent misrepresentation claim on the grounds that the claim is precluded by the LPLA's exclusivity provision. R. Doc. 13-1 at 7. Defendant's recitation of the law is undisputed and undoubtedly correct. The LPLA "establishes

---

[2] Plaintiff's opposition only addresses the circumstances surrounding the attempted service on June 29, 2020. Even if this service was proper, which is universally denied, Plaintiff fails to address why it occurred thirty-nine days after Rule 4(m)'s ninety-day deadline.

the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 9:2800.52; *see Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 900 (5th Cir. 2010). In other words, "[a] plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA." *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 244–45 (E.D. La. 1996), *aff'd*, 106 F.3d 1245 (5th Cir. 1997).

Federal Rule of Civil Procedure 8(d)(2) allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). It appears as though Plaintiff has attempted to take advantage of this rule in crafting her complaint, which can be construed as setting forth two alternative theories of liability: (1) products liability under the LPLA if Defendant is a "manufacturer" under the statute; or (2) common law negligent misrepresentation if Defendant is not. However, Defendant argues that Plaintiff has unsuccessfully pleaded these causes of action in the alternative because she categorically alleges that Rooms to Go *is* a manufacturer, a position incompatible with a negligent misrepresentation claim. R. Doc. 19. Accordingly, Defendants seek dismissal of the negligent misrepresentation claim or an order that Plaintiff provide a more definite statement.

Federal Rule of Civil Procedure 12 allows a party to move for a more definite statement when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored, given Rule 8's liberal pleading standards, but may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Williams v. United Parcel Servs., Inc.*, No. CV 17-483-SDD-RLB, 2018 WL 1189687, at *4 (M.D. La. Mar. 7, 2018) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)).

Here, Plaintiff's Complaint's charges Defendant, "[a]s the distributor and manufacturer of the subject product, . . . with knowledge of all defects." R. Doc. 1 ¶ 21. Plaintiff's allegation of Defendant's status as a manufacturer precludes the negligent misrepresentation claim as a matter of law. Nevertheless, in light of Plaintiff's opposition, the Court recognizes that Plaintiff intended to plead these claims in the alternative and will accordingly grant Plaintiff the opportunity to properly do so. In so ruling, the Court heeds the Fifth Circuit's instruction that a court should generally avoid dismissing a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000). Plaintiff shall be afforded thirty days to file an amended complaint properly pleading her negligent misrepresentation claim as an alternative to the LPLA claim.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss, R. Doc. 13, is **GRANTED IN PART** and **DENIED IN PART.** It is **GRANTED** to the extent it seeks a more definite statement regarding Plaintiff's negligent misrepresentation claim. It is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff properly serve a copy of the Complaint and Amended Complaint upon Defendant within thirty days of this Order's issuance.

New Orleans, Louisiana this 5th day of August, 2020.

_____
Eldon E. Fallon
United States District Judge