UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PABLOVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-617** |
| **ROOMS TO GO LOUISIANA CORP.** | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is a Motion to Stay and Notice of Intent to seek Rule 72 review of Magistrate Judge's March 5, 2021 Order by Defendant Rooms to Go Louisiana Corp. R. Doc. 56. The Court has reviewed the record, the magistrate's ruling, Defendant's arguments, and the applicable law and now issues this Order and Reasons.

**I.      BACKGROUND**

This case arises from the collapse of a chair and the ensuing bodily injuries sustained by its occupant, Plaintiff Blake Pablovich. Plaintiff claims that on September 13, 2019, while shopping for a dining room table and chairs in a Rooms to Go store located in Gretna, Louisiana, she sat in a Sabre Springs Espresso Side Chair that collapsed, "throwing Plaintiff backwards to the floor of the store" and causing "injuries to her left arm, left shoulder, left elbow, neck, back, and head." R. Doc. 1 ¶ 5–8.

Based on the foregoing factual allegations, Plaintiff filed suit against Defendant Rooms To Go Louisiana Corp. ("Rooms to Go"), alleging that it is liable under the Louisiana Products Liability Act ("LPLA") under theories of defective construction, defective design, and lack of adequate warnings. *Id*. ¶ 10-19. Alternatively, if Defendant is not found to be a manufacturer of the Chair under the LPLA, Plaintiffs pleads negligent misrepresentation under LA. C.C. 2315. R.

1

Doc. 21 at ¶¶ 24, 25. Plaintiff seeks to recover past and future damages for medical expenses, physical pain and suffering, mental anguish, physical disfigurement, physical impairment, and loss of earnings/earning capacity. *Id.* at ¶ 32.

Defendant filed an Amended Answer generally denying liability. R. Doc. 24. Defendant argues that Plaintiff's LPLA claims must fail as a matter of law because the Defendant is not a "manufacturer" of the Chair within the meaning of the LPLA under La. R.S. § 9:2800.53. *Id.* at 2. Defendant also argues that Plaintiff's negligent misrepresentation claim under LA C.C. 2315 must fail because as the non-manufacturing seller of the Chair, Rooms to Go had no legal duty to inspect the chair for defects, and therefore, had no duty to supply "correct" information to Plaintiff about the Chair; Rooms to Go did not make any misrepresentations/omissions; and Plaintiff's injuries did not result from a justified reliance on the alleged misrepresentations/omissions. *Id.* at 1.

On March 5, 2021, thee Magistrate Judge granted Plaintiff's motion to allow re-inspection of the chair at issue by Plaintiff's newly retained expert. R. Doc. 56. The Magistrate found that Plaintiff had "demonstrated that such a re-inspection of the chair is appropriate and necessary." *Id.* Accordingly, the Order provided a re-inspection deadline of March 15, 2021 and allowed Plaintiff's expert 72 hours after inspection to supplement the expert report. *Id.*

## II.     PENDING MOTION

Defendant now moves for a stay of the Magistrate's Order pending resolution of Defendant's forthcoming Rule 72 objection. R. Doc. 57. Defendant argues that a stay is necessary because Rooms To Go is likely to prevail on the merits of its objection. Specifically, Defendant argues that the Order is "clearly erroneous and contrary to law" because 1) the extension of the expert report deadline violated the Court's prior orders; 2) it compelled inspection despite Plaintiff's noncompliance with the procedural requirements for a motion to compel; and 3) the

Magistrate erred in his factual findings concerning prior discovery extensions. *Id.* at 1-2. Defendant further contends that absent a stay, Rooms To Go will suffer irreparable harm because its right to appeal the Magistrate Judge's Order will expire before the deadline for re-inspection. *Id.* at 4. Lastly, Defendant argues that a stay would not prejudice Plaintiff, as it would not delay any other fact discovery, nor would it harm any identifiable public interest. *Id.* at 5.

### III.   LAW & DISCUSSION

In considering whether to stay a magistrate judge's order pending Rule 72 objections, courts typically apply the same four-factor test used for a stay pending appeal. *See, e.g.*, *Alvarez v. Larose*, No. 20-782, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (applying the four-factor test to respondent's motion to stay the magistrate judge's order pending Rule 72(a) objections); *LEG Q LLC v. RSR Corp.*, No. 17-1559, 2017 WL 4222690, at *2 (N.D. Tex. Sept. 22, 2017) ("The Court determines, as other courts have concluded, that the general, four-factor test for a stay pending appeal governs the analysis of a request for a stay pending an objection of a magistrate judge's order resolving a non-dispositive matter") (citing *Jenkins v. Robotec, Inc.*, No. 09-150, 2009 WL 5166252, at *2 (S.D. Miss. Dec. 29, 2009)). Thus, the relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Cook v. Marshall*, No. CV 17-5368, 2019 WL 2437071, at *1 (E.D. La. June 10, 2019) (citing *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbot*, 734 F.3d 406, 410 (5th Cir. 2013)). Of these factors, the likelihood of success on the merits and irreparable harm are "the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Notably, a stay is "an exercise

3

of judicial discretion," and "is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433.

In the present case, the Court finds that the factors weigh against the issuance of a stay. Under Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a non-dispositive matter is subject to reversal where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As such, Defendant "bears a heavy burden." *Seacor Marine, L.L.C. v. Cummins Mid-S., Inc.*, No. CIV.A.09-383, 2010 WL 2292152, at *2 (E.D. La. June 3, 2010). This is not a case where there is a close question of law involved. Instead, Defendant argues, among other things, that the Plaintiff failed to show good cause for an extension of the expert report deadline and the Magistrate's "factual finding that Plaintiff is entitled to sympathy is clear error." *Id.* at 3. The Court recognizes that federal law affords a magistrate judge broad discretion in the resolution of pretrial disputes. The Magistrate, in granting the re-inspection of the chair at issue in this case and a 72-hour extension of the expert report deadline, appropriately considered that Plaintiff had previously afforded Defendant three extensions to respond to discovery requests. Although Defendant objects on the grounds that Rooms to Go had also granted Plaintiff discovery extensions, this does not constitute clear error such that the Court should disturb the Magistrate's findings. Considering this exacting standard, Defendant has not shown likelihood for success on the merits.

Moreover, Defendant will not suffer irreparable harm if the stay is denied. Defendant claims that without a stay, the appeal may be mooted by the re-inspection. Defendant also argues that the Order for re-inspection hinders Defendant's ability to timely file expert-relate motions because it only extends *Plaintiff's* expert report deadline, and not the dispositive motion deadline.

The Court is not persuaded by these arguments.[1] As stated by the Magistrate, to the extent that the Order impacts any pending pretrial deadlines, Defendant may bring that to the Court's attention for prompt resolution.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Stay, R. Doc. 57, is **DENIED**.

New Orleans, Louisiana this 11th day of March, 2021.

_____
Eldon E. Fallon
United States District Judge

---

[1] At a recent status conference, Defendant indicated that the objection would be filed by no later than March 11, 2021. Plaintiff represented that the expert must travel from out-of-state to conduct the re-inspection, and therefore, required adequate notice to do so. Plaintiff offered March 15, 2021 as the potential date for re-inspection, if allowed to proceed. Accordingly, the Court will address the objection in due course upon its filing.