UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE PABLOVICH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-617** |
| **ROOMS TO GO LOUISIANA CORP.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is a Motion to Review the Magistrate Judge's March 5, 2021 Order by Defendant Rooms to Go Louisiana Corp. R. Doc. 64. Plaintiff opposes the motion, R. Doc. 73, and Defendant replied, R. Doc. 77. The Court has reviewed the Magistrate's ruling, the parties' arguments, and the applicable law and now issues this Order and Reasons.

### I. BACKGROUND

This case arises from the collapse of a chair and the ensuing bodily injuries sustained by its occupant, Plaintiff Blake Pablovich. Plaintiff claims that on September 13, 2019, while shopping for a dining room table and chairs in a Rooms to Go store located in Gretna, Louisiana, she sat in a Sabre Springs Espresso Side Chair that collapsed, "throwing Plaintiff backwards to the floor of the store" and causing "injuries to her left arm, left shoulder, left elbow, neck, back, and head." R. Doc. 1 ¶ 5–8.

Based on the foregoing factual allegations, Plaintiff filed suit against Defendant Rooms To Go Louisiana Corp. ("Rooms to Go"), alleging that it is liable under the Louisiana Products Liability Act ("LPLA") under theories of defective construction, defective design, and lack of adequate warnings. *Id.* ¶ 10-19. Alternatively, if Defendant is not found to be a manufacturer of the Chair under the LPLA, Plaintiffs pleads negligent misrepresentation under LA. C.C. 2315. R.

1

Doc. 21 at ¶¶ 24, 25. Plaintiff seeks to recover past and future damages for medical expenses, physical pain and suffering, mental anguish, physical disfigurement, physical impairment, and loss of earnings/earning capacity. *Id.* at ¶ 32.

Defendant filed an Amended Answer generally denying liability. R. Doc. 24. Defendant argues that Plaintiff's LPLA claims must fail as a matter of law because the Defendant is not a "manufacturer" of the Chair within the meaning of the LPLA under La. R.S. § 9:2800.53. *Id.* at 2. Defendant also argues that Plaintiff's negligent misrepresentation claim under LA C.C. 2315 must fail because as the non-manufacturing seller of the Chair, Rooms to Go had no legal duty to inspect the chair for defects, and therefore, had no duty to supply "correct" information to Plaintiff about the Chair; Rooms to Go did not make any misrepresentations/omissions; and Plaintiff's injuries did not result from a justified reliance on the alleged misrepresentations/omissions. *Id.* at 1.

On March 5, 2021, the Magistrate Judge granted Plaintiff's motion to allow re-inspection of the chair at issue by Plaintiff's newly retained expert. R. Doc. 56. The Magistrate found that Plaintiff had "demonstrated that such a re-inspection of the chair is appropriate and necessary." *Id.* Accordingly, the Order provided a re-inspection deadline of March 15, 2021 and allowed Plaintiff's expert 72 hours after inspection to supplement the expert report. *Id.* Defendant then moved to stay the Magistrate's Order and indicated its intent to file a Rule 72 objection. R. Doc. 57. After weighing the relevant factors, the Court declined to issue a stay, finding that Defendant had not demonstrated irreparable harm or a likelihood for success on the merits. R. Doc. 63.

The inspection of the chair is now set to take place on April 1, 2021, with the Plaintiff's expert's report from that inspection to be provided to Defendants by noon on April 5, 2021 and Defendants' response due on April 15, 2021. *See* R. Doc. 65.

**II.     PENDING MOTION**

2

Defendant now requests that this Court review and set aside the Magistrate's March 5, 2021 Order ("the Order") pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2. R. Doc. 64. Defendant argues that the Order compelling re-inspection of the chair is "clearly erroneous" for three reasons: (1) it compelled discovery that had not been formally requested; (2) it extended the Plaintiff's expert report deadline without good cause; and (3) Plaintiff did not satisfy her burden of proof in the motion to compel. *Id*. 1-2.

### III.  LAW & DISCUSSION

Under Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a non-dispositive matter is subject to reversal only where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In general, pretrial discovery matters are considered non-dispositive because they do not resolve the substantive claims for relief alleged in the pleadings. *Thomas E. Hoar, Inc. v. Sara Lee Corp*., 900 F.2d 522, 525 (2d Cir. 1990); *see also Yuspeh v. State Farm Fire & Cas. Co*., No. CIVA 07-9491, 2008 WL 4758627, at *1 (E.D. La. Oct. 29, 2008) (addressing a motion to compel inspection and extend expert report deadlines as non-dispositive). As such, Defendant "bears a heavy burden." *Seacor Marine, L.L.C. v. Cummins Mid-S., Inc*., No. 09-383, 2010 WL 2292152, at *2 (E.D. La. June 3, 2010).

Here, the Court is not convinced that the Magistrate's Order allowing re-inspection of the chair is contrary to law. Defendant's first objection is that the Order compels discovery that was not formally requested. R. Doc. 64-1 at 5. Federal Rule of Civil Procedure 34(b)(1) requires a party to "describe with reasonable particularity each item or category of items to be inspected" and "specify a reasonable time, place, and manner for the inspection and for performing the related acts." Plaintiff initially requested that the safety expert be allowed to inspect the subject chair at Rooms to Go, which would "take less than one hour." R. Doc. 40-9 at 1. Plaintiff described the

3

inspection as involving "removing the fabric from the back area of the subject char where the legs are connection to the back, as well as the tape placed around the rear left leg after the incident." R. Docs. 40-9 at 1; 40-4 at 3. The Magistrate did not err in relying on this discovery request when considering the motion for inspection.[1] R. Doc. 40.

Second, Defendant contends that in granting an extension of the expert report deadline, the Magistrate "clearly erred by granting relief to Plaintiff outside the scope of her motion." R. Doc. 77 at 3. The Court is not persuaded by this argument. In her motion, Plaintiff requested that Dr. Paulus be allowed to inspect the chair at the Rooms To Go Gretna location prior to finalizing his report. R. Doc. 40-1 at 3; R. Doc 40-9. Thus, it is the clear that the purpose of the inspection was to allow Plaintiff's expert to supplement his report. Accordingly, the Magistrate's ruling extending Plaintiff's expert report deadline to allow the expert 48 hours to supplement his report did not exceed the scope of the motion, and in fact, logically follows from the request for re-inspection. Notably, a preliminary expert witness report was produced on February 12, 2021.[2] R. Doc. 40-7. Moreover, as Defendant acknowledges, "ultimately the parties agreed to the April 1, 2021 inspection date, and Rooms To Go Louisiana agreed to further extend the expert witness deadline by an additional two weeks. Rooms To Go Louisiana further agreed to allow Plaintiff additional time to submit her 'safety' expert's report." R. Doc. 77 at 6.

The Magistrate found that "Plaintiff ha[d] demonstrated to this Court's satisfaction that [] a re-inspection is appropriate and necessary." R. Doc. 56. In so finding, the Magistrate overruled

---

[1] In *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, cited by the Defendant, the discovery request was found to be insufficient under Rule 34(b). No. CV 06-04350, 2008 WL 11354909, at *3 (E.D. LA. Sept. 24, 2008) The broad request for electronic discovery of an entire computer system, back-up drives, and all electronic files are distinguishable from the request here for a limited inspection of the subject chair.

[2] In that report, the expert states, "The Sabre Springs Espresso Side Chair has been discontinued so an exemplar chair could not be obtained for further testing. In order to determine the mode of failure that caused the back legs of the chair to collapse under Ms. Pablovich, an inspection of the chair involved in the incident is needed." R. Doc. 40-8 at 7.

Defendant's "highly technical objections" to Plaintiff's " simple request" to allow her safety expert the opportunity to inspect the area where the chair had failed, which was covered by upholstery during the first inspection R. Docs. 56; 40-1 at 2. Thus, the Order makes clear that the Magistrate considered the critical issues of relevance and proportionality set forth in Rule 26(b), the hardship of inspection under Rule 34, despite the fact that he did not include express citations to rules. "When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). Defendant failed to do so here. For all these reasons, the Court concludes that the Magistrate did not err by ordering the inspection of the chair.

## IV.    CONCLUSION

Because Defendant has not shown the Magistrate's ruling to be "clearly erroneous or contrary to law,"

**IT IS ORDERED** that Defendant's Motion for Review of the Magistrate's Order, is **HEREBY DENIED**.


New Orleans, Louisiana this 31st day of March, 2021.

Eldon E. Fallon
United States District Judge